ANTONIO BETTENCOURT *vs.* TIMOTHY J. FALVEY *et al.*

MANUAL AMARAL *vs.* SAME.

JUNE 26, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. These two actions in assumpsit were tried together by agreement of the parties before a jury in the superior court, and a verdict for the defendants was returned in each case. The plaintiffs thereafter filed motions for a new trial, which were heard and granted by the trial jus-

tice. The defendants' exceptions to these rulings raise the only questions before us in these cases.

The plaintiffs and the defendants were the incorporators of and the sole stockholders in the Pawtuxet Valley Laundry, Inc. These cases involve purchases by the defendants of the stock held by the respective plaintiffs in that corporation. The evidence shows that each agreement to purchase the stock was made at the business place of the corporation on September 28, 1936, and completed at the home of the defendants on the following evening, where two promissory notes signed by the defendant Falvey and his wife, which are the bases of these actions, were delivered to the respective plaintiffs. The note to Bettencourt, dated September 29, 1936, is for $500 and payable to his order one year from date, without interest. Excepting for the name of the payee, the note to Amaral is the same in all particulars.

The defendants do not question the notes, but defend on the ground that each plaintiff failed to carry out his oral agreement with the defendant Timothy J. Falvey to the effect that, in consideration of the purchase of the stock of that plaintiff by Falvey, such plaintiff would continue to work for the corporation in the laundry business for one year from the date. of the note, at the same salary which he was receiving while a stockholder of the corporation. Testimony in support of this claim was given by both defendants. The plaintiffs, on the other hand, positively denied any such agreement. As the defendants state in their brief: "All of the testimony in practically all respects was sharply conflicting and contradictory."

In the circumstances, the credibility of the witnesses was of controlling force in determining the weight of the evidence on the narrow issue presented in these cases. The rule that binds a trial justice in deciding a motion for a new

trial is well known by this time. It has been repeatedly stated by this court and was very recently reaffirmed in *Anderson* v. *Johnson,* 59 R. I. 241. This rule is based on the premise that the trial justice will not overlook or misconceive any of the material evidence in the case. If, after considering such evidence, he, in his superior and more comprehensive judgment, is of the opinion that the jury have failed to respond truly to the real merits of the controversy, then it is his duty to grant a new trial. *Tomaszewski* v. *Morose,* 60 R. I. 415; *Nichols* v. *New England Tel. & Tel. Co.,* 57 R. I. 180.

The defendants in the instant cases contend that the trial justice misconceived the evidence and that the "reasons assigned for the decision find no basis in the record." The trial justice gave his decision on the defendants' motions for a new trial from the bench at the close of the hearing on those motions. We have carefully examined his decision and find that he did not overlook or misconceive any of the material evidence in the cases. He substantially followed the *Anderson* case, even though he digressed in an immaterial way from the main point at issue. His discussion of the testimony clearly shows that he did not believe the testimony of the defendants and did believe that of the plaintiffs. He granted the plaintiff's motion for a new trial in each case for that reason.

The trial justice saw and heard the witnesses testify, an advantage which we do not have. Since we do not find that he overlooked or misconceived any of the material evidence, his decision is entitled to the weight and persuasive force that is accorded such decision under the rule consistently applied by this court in reviewing the decision of a trial justice on a motion for a new trial. From our examination of the record, we cannot say that he was clearly wrong in granting the plaintiff in each of these cases a new trial.

The defendants' exception in each case is, therefore, over-ruled, and both cases are remitted to the superior court for a new trial.

*Thomas J. Flynn, Robert T. Flynn,* for plaintiffs.

*Carroll & Dwyer, Edward F. J. Dwyer,* for defendants.